UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLLOWAY,

    Petitioner,

                                      Case No: 07-CV-10535
                                      HON. AVERN COHN

v.

BLAINE LAFLER,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS
AND
DISMISSING PETITION WITHOUT PREJUDICE
AND
ESTABLISHING TIME LIMITS ON PETITIONER'S PURSUIT OF STATE COURT
REMEDIES**

**I. Introduction**

This is a habeas case under 28 U.S.C. §2254. Charles Holloway, ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Petitioner challenges his state conviction for seven counts of first-degree criminal sexual conduct, three counts of second-degree criminal sexual conduct, and domestic violence. Petitioner was sentenced to concurrent terms of seventeen to thirty years for each first-degree criminal sexual conduct conviction, ten to fifteen years for each second-degree criminal sexual conduct conviction, and ninety days for the domestic violence conviction. As will be explained, Petitioner raises eight claims, only one of which has been exhausted.

Before the Court is Respondent's motion to dismiss for failure to exhaust his

state court remedies.  For the reasons that follow, the motion will be granted.

## II.  Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right challenging the sufficiency of the evidence.  The Michigan Court of Appeals affirmed his convictions and sentence.  People v. Holloway, No. 256436, 2005 WL 2679694 (Mich. App. Oct. 20, 2005) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the insufficiency of the evidence, defense counsel's failure to pursue a directed verdict, trial court's refusal to appoint counsel, and the ineffectiveness of appellate counsel claims.  The Michigan Supreme Court denied leave to appeal.  People v. Holloway, 474 Mich. 1126; 712 NW2d 457 (2006).

Petitioner filed the instant petition for writ of habeas corpus on February 5, 2007 raising the same claims reviewed by the Michigan Court of Appeals, the Michigan Supreme Court, and the following new claims that are being raised for the first time on habeas review: (1) prosecutorial misconduct; (2) ineffective assistance of trial counsel; (3) jurisdictional issue; and (4) denial of counsel.

## III.  Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner

2

must raise each issue he seeks to present in a federal habeas proceeding in the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

Here, Petitioner has not met his burden of showing exhaustion of state court remedies. Petitioner argues that of his eight habeas claims the first issue is exhausted, issues two through seven were raised at the state level, and to the extent that any claims have not been exhausted, it is not Petitioner's fault. Upon review of the record, however, Petitioner has only exhausted the sufficiency of the evidence claim. The claims raised in the Michigan Supreme Court, with the exception of the sufficiency of the evidence claim, were not raised in the Michigan Court of Appeals. Additionally, four of Petitioner's claims have been raised for the first time in his habeas petition, and therefore, were never reviewed by the Michigan Court of Appeals or the Michigan Supreme Court. Thus, Petitioner has failed to fully exhaust his state court remedies as to seven of his eight habeas claims.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982); see also Rust, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional

prerequisite for bringing a habeas petition. Granberry v. Greer, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, see, Witzke v. Withrow, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. See, Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); see also, 28 U.S.C. §2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies.).

However, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. See, Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277.

Here, a dismissal rather than a stay is warranted because Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment under Michigan Court Rule 6.500 with the trial court and pursue his unexhausted issues in the state appellate courts as necessary. Moreover, the one-year statute of limitations, see 28 U.S.C. §2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeals, see Bronaugh v. Ohio,

235 F.3d 280, 285 (6th Cir. 2000), and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending in the state courts. See 28 U.S.C. §2244(d)(2); see also Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Abela v. Martin, 348 F.3d 164, 166 (6th Cir. 2003).[1]

Petitioner has not argued or shown good cause for failing to raise the unexhausted issues in the state courts, except to state that he is not to blame for the non-exhaustion of his claims. This is insufficient under Rhines. Petitioner's unexhausted claims concern matters of federal law which may warrant further review. These claims should therefore, have been addressed and considered by the state courts in the first instance.

## IV. Conclusion

For the reasons stated above, Respondent's motion to dismiss is GRANTED. The petition is dismissed WITHOUT PREJUDICE.

Should Petitioner wish to proceed only on his exhausted claims and withdraw his unexhausted claims, he may move to re-open this case and proceed only on the exhausted claim within 30 days of the date of this order.

Should Petitioner file a post-conviction motion for relief from judgment with the trial court, the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from February 5, 2007, until the time Petitioner returns to federal court to pursue

---

[1] The Supreme Court's recent decision in Lawrence v. Florida, ___ U.S.___, 127 S.Ct. 1079, 1084, 166 L.Ed.2d 924 (2007) held that the ninety-day period for seeking certiorari to the Supreme Court following state post-conviction review is included in the one-year limitations period, overruling Abela v. Martin, 348 F.3d 164, 166 (6th Cir. 2003).

habeas relief,[2] provided that: (1) Petitioner presents his unexhausted claim(s) to the state court within 60 days from the date of this order; and (2) Petitioner returns to this Court to pursue habeas corpus relief within 60 days of exhausting state court remedies.

The Court makes no determination as to the merits of Petitioner's claims.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 19, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Charles Holloway, 500015, St. Louis Correctional Facility, 8685 N. Croswell Road, St. Louis, MI 48880 on this date, March 19, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160

---

[2] See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir.2002), quoting Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir.2001); Hargrove v. Brigano, 300 F.3d 717, 719-21 (6th Cir. 2002).