**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES HOLLOWAY,

      Petitioner,                    Case Nos. 07-10535; 08-11535;
                                         08-11721;08-13086, 08-13331;

                                       HON AVERN COHN

v.

CINDI S. CURTIN,

      Respondent.

_____/

**ORDER**
**(1) CONSOLIDATING PETITIONS FOR WRIT OF HABEAS CORPUS,**
**(2) DIRECTING THE CLERK OF THE COURT TO RE-FILE THE PLEADINGS FROM**
**THE COMPANION CASES UNDER CASE NO. 07-10535,**
**(3) STATISTICALLY DISMISSING CASE NOS. 08-11535, 08-11721, 08-13086, 08-**
**13331**
**(3) AMENDING THE CASE CAPTION,**
**(4) GRANTING PETITIONER'S MOTION TO STAY AND THE PETITION FOR WRIT**
**OF HABEAS CORPUS IN ABEYANCE, AND**
**(5) ADMINISTRATIVELY CLOSING THE CASE**

I. Introduction

This matter is before the Court on five petitions for writ of habeas corpus filed by

Charles Holloway, ("Petitioner"), presently confined at the Oaks Correctional Facility in

Manistee, Michigan.  In each of the cases, all assigned to the undersigned, Petitioner

seeks the issuance of a writ of a habeas corpus pursuant to 28 U.S.C. § 2254, in which

he challenges his conviction for seven counts of first-degree criminal sexual conduct,

three counts of second-degree criminal sexual conduct, and one count of domestic

violence.  Petitioner has also filed two motions to stay the proceedings pending the

1

completion of his state post-conviction proceedings. [1]  All of this has made for a

confused record.  For the reasons that follow, Petitioner's five pending habeas cases

will be consolidated into Case No. 07-10535 and the various pleadings filed in Case

Nos. 08-11535, 08-11721, 08-13086, and 08-13331 be re-filed by the Clerk under Case

No. 07-10535.  Case Nos. 08-11535, 08-11721, 08-13086, and 08-13331 will be

statistically dismissed.  The case caption will be amended to reflect that Petitioner's

current warden is Cindi S. Curtin.  The Court will also grant Petitioner's motion to stay

and hold the petition in abeyance and stay the proceedings under the terms outlined

below to permit petitioner to complete his post-conviction proceedings in the state

courts to exhaust his claims.  Finally, the Court will also administratively close Case No.

07-10535.

## II.  Background

Petitioner originally filed a petition for writ of habeas corpus under Case # 07-CV-

10535.  The Court dismissed the petition without prejudice on the ground that Petitioner

had failed to exhaust seven out of the eight claims that he raised in his petition.  The

Court further indicated that Petitioner had the option of moving to re-open his habeas

petition within thirty days of the Court's order and proceeding only on his exhausted

claim.  Secondly, the Court indicated that should Petitioner file a post-conviction motion

for relief from judgment with the trial court, the one year limitations period would be

tolled pursuant to 28 U.S.C. § 2244(d)(2), provided that petitioner presented his

unexhausted claims to the state court within 60 days of the order and returned to "this

---

[1]  See Case No. 08-CV-11535, Dkt. # 10 and Case No. 08-CV-13331, Dkt. # 2.

2

Court" to pursue habeas relief within 60 days of exhausting state court remedies.  See
Holloway v. Lafler, No. 2008 WL 786811 (E.D. Mich. March 19, 2008).

On April 9, 2008, Petitioner filed a post-conviction motion for relief from judgment
in state court which was denied on June 4, 2008.  By Petitioner's own admission, he
has not yet appealed the denial of his post-conviction motion with the Michigan Court of
Appeals or the Michigan Supreme Court.

In his motion for stay and abeyance filed under Case No. 08-11535, Petitioner
indicates that he re-filed his petition for writ of habeas corpus following the denial of his
post-conviction motion by the trial court, because he mistakenly believed that he
needed to re-file his petition for writ of habeas corpus at that time.  Petitioner also
mistakenly filed multiple habeas petitions under Case Nos. 08-11535, 08-11721, 08-
13086, and 08-13331, because he was uneducated in the law and misunderstood the
Court's original orders.

### III.  Discussion

As an initial matter, it is appropriate to consolidate Petitioner's multiple petitions
under Case No. 07-10535.  These cases have already been re-assigned to this Court
as companion cases of 07-10535.  Further, the pleadings in Petitioner's other cases
should be re-filed under Case No. 07-10535.  Additionally, the case caption will be
amended to reflect that the proper respondent in this case is now Cindi S. Curtin, the
warden of Oaks Correctional Facility in Manistee, Michigan, where Petitioner is currently
incarcerated.  See Edwards v. Johns, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); See
also Rule 2(a), 28 foll. U.S.C. § 2254.

As to Petitioner's motion to stay, as a general rule, a state prisoner seeking

3

federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court.  28 U.S.C. § 2254(b) and (c).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. Pliler v. Ford, 542 U.S. 225, 230 (2004).

Here, Petitioner's claims are unexhausted because petitioner has yet to appeal the denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court.  Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies.  See Cox v. Cardwell, 464 F. 2d 639, 644-45 (6th Cir. 1972).  Petitioner is therefore required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he has raised in his post-conviction motion.  Moreover, because Petitioner's application for a writ of habeas corpus contains seven unexhausted claims, the Court cannot now consider the merits of the issues presented. Boles v. Foltz, 559 F. Supp. 1302, 1305 (E.D. Mich. 1983).

A federal district court has the authority to stay or dismiss a federal habeas action pending resolution of state post-conviction proceedings.  In order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances.

Here, dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the Petitioner's claims in this Court due to the expiration of the one year statute of limitations.  See 28 U.S.C. § 2244(d)(1).  The Supreme Court has

4

suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the statute of limitations could file a "protective" petition in federal court, as Petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies.  See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)(citing Rhines v. Weber, 544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."  Rhines, 544 U.S. at 278.

Petitioner appears to argue that these claims were not presented as federal constitutional claims in the state courts because his appellate attorney was ineffective. On remand from the United States Supreme Court, the federal district court in Rhines held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims.  Rhines v. Weber, 408 F. Supp. 844, 848-49 (D.S.D. 2005).  The Court agrees that an appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts.  Furthermore, Petitioner's claims do not appear plainly meritless nor does it appear that Petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 1535.  To ensure that

5

petitioner does not delay in exhausting his state court remedies, the Court will impose time limits within which he must proceed in state court and upon his return to federal court.

## IV.  Conclusion

Case Nos. 08-11535, 08-1721, 08-13086, and 08-13331 are CONSOLIDATED with Case No. 07-10535 and are STATISTICALLY DISMISSED.

The following pleadings shall be re-filed by the Clerk of the Court under Case No. 07-10535:  Docket Entries # 1, 8, 9, 10, 11, 12, 13, and 14 from Case No. 08-11535;[2] Docket Entry  # 1 from Case No. 08-13086; and Docket entries # 1 and # 2 from Case No. 08-13331.        The case caption is AMENDED to reflect Cindi S. Curtin as Respondent.

Petitioner's motion for stay is GRANTED.  Further proceedings in this case are STAYED pending the completion of petitioner's state application for post-conviction review.  The case shall be stayed provided that:  (1) Petitioner completes the exhaustion of his post-conviction claims in the Michigan Court of Appeals and the Michigan Supreme Court, and, (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.  Upon his return, Petitioner shall file a motion to lift the stay under only Case No. 07-10535.

To avoid administrative difficulties, the Clerk shall CLOSE this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a

---

[2]The pleadings from Case No. 08-11721 were previously re-assigned to Case No. 08-11535.

6

dismissal or disposition of this matter.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2009

I hereby certify that a copy of the foregoing document was mailed to Charles Holloway 500015, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660 and the attorneys of record on this date, January 29, 2009, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160

7