UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLLOWAY,

                          Petitioner,                      Case Number 07-CV-10535

                                                                             HON. AVERN COHN

v.

CATHERINE BAUMAN,

                          Respondent.
_____/

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

### I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner, a state prisoner, was convicted after a bench trial of seven counts of first-degree criminal sexual conduct, three counts of second-degree criminal sexual conduct, and one count of domestic violence.  As a result of his convictions, Petitioner is serving a sentence of 17-to-30 years in a Michigan correctional facility.  Petitioner claims that he is incarcerated in violation of his constitutional rights.  For the reasons that follow, the petition will be denied because Petitioner's claims either lack merit or procedurally defaulted.  The Court will also deny Petitioner a certificate of appealability.

### II.  Background

#### A.  Factual Background

The following facts regarding Petitioner's offenses were revealed at trial.  Briefly stated, Petitioner's three minor daughters alleged that he had been sexually abusing

them for years, and though they told their mother, she did nothing.

Things came to head on September 9, 2003, when Petitioner told his oldest daughter, Alisha, to run laps around the house as a punishment. Alisha stopped running to talk to friends. Petitioner came outside, struck her in the face, and then hit her head against a door jam. A neighbor called 9-1-1. The Taylor police arrived, arrested Petitioner, and put him in a squad car. An officer had Alisha fill-out a complaint form, and Alisha checked a box labeled "sexual abuse." The officers then took all three girls and their mother to the police station. The instant charges were filed against Petitioner the next day.

This was not the first time allegations of sexual assault had been made in the family. Several months prior to this incident, the girls told their mother, Lisa Gross, that Petitioner had sexually assaulted them. Gross testified that she did nothing about the allegations because she had not seen any assaults occur, and she was afraid of Petitioner. A few years previously, there was an allegation that Gross's brother sexually assaulted the girls, and for a time they were placed in a foster home.

At Petitioner's bench trial all three girls testified that Petitioner had sexually assaulted them. Alisha, age 13, testified that Petitioner had raped her three to four times a week for the previous seven years. She testified that the day before his arrest, Petitioner had raped her. Tanisha, age 12, testified that she once saw Petitioner sexually assault Alisha. Tanisha also testified that Petitioner once touched her sexually. Tanisha told her mother about the incident, but she did nothing. Tisha, age 10, testified that she had been raped about five times by Petitioner, but she never saw him do it to any of her sisters. On cross-examination defense counsel focused on the fact that the

girls did not make the allegations earlier, and in particular he brought out the fact that they did not say anything about their father abusing them when they were in foster care.

The girls were examined by Dr. Kimberly Aiken, She testified that she did not find physical evidence of sexual abuse, though she stated that this was not unusual in case dealing with girls of this age. The defense suggested that the three girls fabricated the allegations because he was a strict and demanding father.

The trial court, sitting as fact finder, found the testimony of the girls credible, and found Petitioner guilty of seven counts of first-degree criminal sexual conduct, three counts of second-degree criminal sexual conduct, and one count of domestic violence.

## B.  Procedural History

Following sentencing, Petitioner filed an appeal of right.  His appointed appellate attorney filed a brief on appeal that raised the following claim:

> I. There was insufficient evidence to support defendant's convictions beyond a reasonable doubt.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Holloway*, No. 256436 (Mich. Ct. App. October 20, 2005).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which raised the claim presented to the court of appeals and an additional three claims:

> I. There was insufficient evidence to support defendant's convictions beyond a reasonable doubt.
>
> II. Defendant was denied the effective assistance of counsel when his trial counsel failed to pursue a directed verdict despite raising the motion.
>
> III. The trial court erred when it failed to appoint new counsel for Petitioner when retained appellate counsel withdrew from the case and also prior to

the initial trial.

IV. Defendant was denied the effective assistance of counsel on appeal when his appellate counsel failed to raise the issue of trial court error for failing to appoint new counsel for defendant on appeal.

The Michigan Supreme Court denied the application by standard order. *People v. Holloway*, No. 130113 (Mich. Sup. Ct. April 28, 2006).

Petitioner then filed his a habeas petition in this Court on February 5, 2007. Respondent filed a motion to dismiss on exhaustion grounds. The Court granted the motion, and set time-lines for Petitioner to exhaust his claims and file an amended petition.

Petitioner returned to the trial court and filed a motion for relief from judgment. The trial court interpreted Petitioner's *pro se* pleadings to raise the following claims:

I. Petitioner was denied the effective assistance of counsel when counsel was absent during a critical stage.

II. Petitioner was denied the effective assistance of counsel on several occasions.

III. The trial court erred when it failed to appoint new counsel for Petitioner when retained appellate counsel withdrew from the case and also prior to the initial trial.

IV. The prosecutor committed misconduct on several occasions.

V. The trial court did not have jurisdiction over the criminal proceeding, thus there were jurisdictional defects.

VI. There was insufficient evidence to support defendant's convictions beyond a reasonable doubt.

The trial court denied the motion by opinion and order dated June 4, 2008. The Court found that Petitioner had not demonstrated "good cause" and "actual prejudice" under Michigan Court Rule 6.508(D)(3). Opinion, at 4.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The application was denied "for failure to establish entitlement to relief under Rule 6.508(D)." *People v. Holloway*, No. 292335 (Mich. Ct. App. October 28, 2009). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court but was also denied relief under Rule 6.508(D). *People v. Holloway*, No. 140006 (Mich. Sup. Ct. May 25, 2010).

Petitioner's amended habeas application appears to present the same claims, though worded somewhat differently, that he raised in the state courts on direct and collateral review.

### III. Standard of Review

Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; or resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A state court decision "based on a factual

determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citations omitted).

Recently, the United States Supreme Court held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*,  U.S.  ,  , 131 S.Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*,  U.S. at  , 131 S.Ct. at 786-87.

## IV.  Discussion

### A. Sufficiency of the Evidence

The amended petition presents one claim that was presented to both the Michigan Court of Appeals and Michigan Supreme Court during his direct appeal.

Petitioner claims that insufficient evidence was presented at trial to sustain his convictions. The court of appeals denied the claim on the merits. Because this decision was reasonable, Petitioner is not entitled to habeas relief.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson*, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*. Indeed, the *Jackson* standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011). Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065, 182 L. Ed. 2d 978 (2012).

Petitioner asserts that his daughters' credibility was suspect enough to create a reasonable doubt as to his guilt. However, when evaluating a sufficiency-of-the-evidence claim, a reviewing court does not reweigh the evidence or redetermine the

7

credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000).

Here, the trial court sat as fact-finder and determined that the victims' testimony was credible. It found that it was not plausible that the girls conspired against their father. The Court noted that it was not one of the girls who called the police, but a neighbor. From the time Alisha filled-out the form indicating that there had been a sexual assault, the girls were in the company of adults and placed in separate interview rooms at the police station. Accordingly, the trial court found there was insufficient time for the girls to collude after the police arrived. Moreover, the court found that the girls previously had made a complaint to their mother, but they were ignored. These circumstances allowed the state court to find that sufficient evidence was presented at trial to sustain his convictions without falling below the level of "bare rationality." The claim is therefore without merit.

### B. Claims Raised on State Post-Conviction Review

The remainder of Petitioner's claims were exhausted in the Michigan courts in Petitioner's motion for relief from judgment and the appeal that followed its denial by the trial court. These claims are barred from review because Petitioner failed to comply with Michigan Court Rule 6.508(D)(3), which required him to show "good cause" and "actual prejudice" for failing to have raised these claims during his direct appeal.

However, as will be explained, the defaulted claims also lack merit.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). Procedural default precluding a state prisoner from seeking federal habeas relief may occur if the state prisoner files an untimely appeal, if he fails to present an issue to the state appellate court at his only opportunity to do so, or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review. *See Matson v. Michigan Parole Bd.*, 175 F. Supp. 2d 925, 927 (E.D. Mich. 2001)(internal citations omitted). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In *Murray v. Carrier*, 477 U.S. 478, 488 (1986), the Supreme Court defined cause sufficient to excuse procedural default as "some objective factor external to the defense," which precludes a habeas petitioner's ability to pursue his claim in state court.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MICH. CT. R.

6.508(D)(3)(b)(i).

Here, both the Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under Rule 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

Here, the trial court, after discussing the provisions of Rule. 6.508(D), including subsection (3), rejected the motion for relief from judgment, ruling that Petitioner had failed to demonstrate good cause for failing to raise his claims during his direct appeal and had also failed to demonstrate that he had suffered actual prejudice. The trial court also addressed the merits of the claims in the alternative. Because the trial court denied Petitioner post-conviction relief based on the procedural grounds stated in Rule 6.508(D)(3), Petitioner's post-conviction claims are clearly procedurally defaulted pursuant to that rule. *See Ivory v. Jackson*, 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard*, 405 F. 3d 459, 477 (6th Cir. 2005).

Moreover, the fact that the trial court rejected the claims on the merits in the alternative does not affect the imposition of a procedural bar. There is no rule waiving a

procedural default in cases, as here, where the state courts look at the merits of a petitioner's claim in order to determine whether to excuse the default. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991) (concluding that the state does not waive procedural default when the state court relies on a procedural rule as an alternative grounds for decision); *Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989) (holding that procedural default is not waived by the state when a state court attempts to "enforce the procedural bar while reserving the right to excuse it"). Petitioner's remaining claims are therefore procedurally defaulted.

Petitioner claims ineffective assistance of appellate counsel as cause to excuse his procedural default. It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v.*

11

> *Washington*] claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986)(quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the defaulted claims. Appellate counsel filed a brief which presented what now forms one of Petitioner's lead issues.  Though that issue is without merit,  etitioner has not shown that appellate counsel's strategy in presenting this claim and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the trial court in its opinion denying Petitioner's motion for relief from judgment, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners."  Because the defaulted claims are

12

not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano*, 228 F. 3d 674, 682-83 (6th Cir. 2000); *Meade*, 265 F. Supp. 2d at 872.

Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533. However, Petitioner cannot show that he was actually prejudiced because his remaining claims are without merit, as explained below.

### 1. Jurisdiction of State Courts

Petitioner seems to claim that the state trial court lacked jurisdiction to try him because the State of Michigan is a "legal fiction" or a "corporate entity" without power to prosecute a real person. The claim is, of course, frivolous. Under our federal system, the States have authority to enact penal laws and try people who violate them. *United States v. Morrison*, 529 U.S. 598, 618 (2000) ("[W]e can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims").

### 2. Sufficiency of the Evidence

Petitioner next asserts that there was insufficient evidence to support his convictions because the complainants' testimony was wholly unreliable. This claim is simply a rehash of the claim raised in Petitioner's direct appeal, and is without merit for the reasons stated above.

### 3. Ineffective Assistance of Trial Counsel

Petitioner asserts that his trial counsel was ineffective in a number of respects. He claims that counsel failed to offer mitigating evidence at sentencing, failed to call an

expert witness, failed to object to prosecutorial misconduct, failed to conduct adequate discovery, and failed to investigate the case.

The Sixth Amendment does not require defense counsel to pursue every imaginable trial strategy, whether likely to bear fruit or not. *See Engle v. Isaac*, 456 U.S. 107, 134 (1982). "[E]xperienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment" and thus often "use objections in a tactical manner." *Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006).

The Court has reviewed the entire trial record. The evidence presented against Petitioner was strong, and a fair view of the record shows that defense counsel was familiar with the facts of the case and the applicable law, and that he effectively presented Petitioner's defense to the jury. Petitioner's conclusory allegations that his counsel should have done more for him are insufficient to establish that counsel was ineffective. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007).

### 4. Ineffective Assistance of Appellate Counsel

Petitioner next argues that his appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claim during his direct appeal. However, Petitioner's ineffective assistance of trial counsel claims are without merit. Appellate counsel has no duty to raise meritless issues. *Lewis v. Alexander*, 11 F.3d 1349, 1354 (6th Cir. 1993).

### 5. Appointment of Substitute Counsel

Petitioner next asserts that the trial court erred in failing to appoint substitute counsel during his appeal of right. The record shows that after sentencing, Petitioner was appointed attorney John D. Roach to represent him on appeal. While the appeal

was pending, Petitioner and his family retained attorney Gerald Lorence to take over for Roach and prepare Petitioner's appeal. Before the appellate brief was filed, Lorence moved to withdraw on the grounds that Petitioner and his family were dissatisfied with his services and fired him. On March 9, 2005, the Michigan Court of Appeals granted the motion to withdraw and gave Petitioner 28 days to retain a new appellate attorney, or if Petitioner claimed indigence, for the trial court to appoint a new attorney. No new attorney was retained, and so Roach was re-appointed. Roach filed an appellate brief, raising what now forms Petitioner's lead issue, and the appeal was regularly adjudicated.

Petitioner has failed to demonstrate how this course of events denied him any of his constitutional rights. The right to counsel encompasses the right to counsel of choice, but that right is generally cognizable only to the extent defendant can retain counsel with private funds; an indigent defendant does not have an absolute right to choose appointed counsel. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). As the Supreme Court has explained, "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 ,(1989). Because, as explained above, Petitioner was not denied the effective assistance of appellate counsel, he has "no cognizable complaint" regarding the handling of his requests for substitute counsel during his direct appeal.

### 6. "Corporate Fiction"

Petitioner next cryptically claims "as actions between 'persons' are civil in nature

has not the matter gone before the wrong judiciary in complete violation of the 14th Amendment?" Amended Petitioner, at 12. The claim is manifestly frivolous - persons are subject to the criminal law.

### 7. Government Interference

Petitioner next claims that the state manipulated and altered the transcripts of his trial, intercepted legal mail, and planted a biased prison "legal writer" to assist him with his motion for relief from judgment. These claims are too vague and unsubstantiated to merit any relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007) (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one).

### 8. Actual Innocence

Petitioner asserts that he is actually innocent because he has herpes but the complainants do not. He claims it is inconceivable that they would not have contracted the disease if the allegations were true. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id.*, *See also Hence v. Smith*, 37 F. Supp.2d 970, 980 (E.D. Mich. 1999). Accordingly this unsubstantiated claim of actual innocence is not cognizable in this action.

### 9. Prosecutorial Misconduct

Petitioner next claims that the prosecutor committed misconduct when it

bolstered the credibility of the complainants and commented on Petitioner's failure to testify. The United States Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 181(1986) (citing *Donnelly*); *Parker v. Matthews*, U.S. , 132 S. Ct. 2148, 2153, 183 L. Ed. 2d 32 (2012) (confirming that *Donnelly/Darden* is the proper standard).

Improper vouching occurs either (1) "when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the [prosecutor's office] behind that witness," or (2) through "comments that imply that the prosecutor has special knowledge of facts not in front of the jury." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999); see also, *United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001).

Having reviewed the record, the Court can find no instance were the prosecutor suggested a personal belief in the complainants' credibility, or where the prosecutor suggested secret knowledge of Petitioner's guilt. The closing and rebuttal arguments were based on the evidence presented at trial. Nor did the prosecutor every suggest that Petitioner was guilty because he did not testify.

### 10. Absence of Counsel

Finally, Petitioner alleges that he was denied representation during critical stages

of the proceedings. Specifically, he seems to claim that there were points during his direct appeal that he was not represented by counsel. The record shows, however, that Petitioner's appeal did not proceed without counsel. After Petitioner's appellate counsel was ultimately re-appointed to represent him, he was given time to prepare and submit the appellate brief and to present oral argument. Petitioner was not unrepresented during any critical stage of his appeal.

### 11. In Sum

Because all of the claims Petitioner raised in his motion for relief from judgment are procedurally defaulted and otherwise without merit, Petitioner has not shown that he is entitled to habeas relief on the defaulted claims.

### V. Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at

336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll.§ 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

## VI.  Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief on any of his claims.  Accordingly, petition for writ of habeas corpus is DENIED.

The Court DECLINES to issue a certificate of appealability.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 23, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160